UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL GEE,

                                        Plaintiff,
                                                              9:10-CV-1448
v.                                                            (LEK/GHL)

BRIAN FISCHER, KENNETH
S. PERLMAN,

                                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:


CARL GEE, 98-B-1658
Plaintiff *pro se*
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ERIC T. SCHNEIDERMAN                       MEGAN M. BROWN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Carl Gee, a Shi'i Muslim, alleges that Defendants violated his First Amendment rights

by requiring him to worship with Sunni Muslims.  (Dkt. No. 1.)  Currently pending before the

Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6).  (Dkt. No. 12.)  For the reasons that follow, I recommend that

Defendants' motion be denied.

I.      BACKGROUND

        Plaintiff alleges that the New York Department of Corrections and Community

Supervision ("DOCCS") has "established Sunni Islam as the official doctrine of Islam and denied

Shi'i Muslims a chance to practice their Islam faith."  (Dkt. No. 1 at 3.)  Plaintiff's complaint

extensively sets out the historical background on the origins of Sunni and Shi'i doctrines and the

disagreements and tensions between adherents of the two sects.  *Id*. at 3-23.  Plaintiff alleges that

despite these tensions, DOCCS "has forced the Shi'i to coexist in group prayer with the Sunni

sect in full conformity of their tenets at the exclusion of the Shi'i's group prayer tenets."  *Id*. at

23.  One example that Plaintiff provides of the sects' different practices is that Sunni Muslims

must say the word "Amin" as part of their prayer, while Shi'i Muslims believe that "saying of the

word Amin or having that word introduced into the prayer [] invalidates the prayer."  *Id*. at 24.

        Plaintiff alleges that Defendant Brian Fischer "has refused to hire Shi'i chaplains with full

rights, authorities and respect as any other Muslim chaplain to meet the needs of the Shi'i

inmates.  Among the forty-nine Muslim chaplains hired by DOC[C]S, not one is a Shi'i."  *Id*. at

23.  Plaintiff alleges that Defendant Fischer "has entered into an agreement with a select few

Shi'i inmates that permit only them to have Friday group prayer service wherever they are or may

be housed in corrections.  Defendant Fischer has refused to extend such agreement to the Shi'i

inmate population in general, and to the plaintiff in particular."  *Id*. at 23-24.  Plaintiff alleges

that he "was told by the defendants that it is okay to pray with the Sunni Muslims . . . despite it

violat[ing] his belief as a Shi'i because he can repeat the prayer again solo if he want[s].

However, group worship in prayer service is an essential part of the right to the free exercise of religion." *Id*. at 24.

Plaintiff alleges that Defendant Kenneth S. Perlman, the DOCCS Deputy Commissioner of Program Services, "has established Sunni Islam as the official doctrine of Islam, and has denied the Shi'i Muslims a chance to practice their group prayers at Friday services." *Id*. at 24, 25. Plaintiff alleges that this violates Defendant Perlman's duty to ensure that inmates are afforded the opportunity to practice their religious beliefs. *Id*. at 25.

Plaintiff alleges that Defendants require inmates to complete a form identifying their religion. *Id*. Plaintiff alleges that when Shi'i's identify themselves as such, they are visited by a Sunni chaplain who pressures them against registering as Shi'i. *Id*. If an inmate refuses to change the form, the chaplain removes the word "Shi'i" and leaves only the word "Muslim" or "Islam." *Id*. This practice disguises the number of Shi'is housed at Clinton Correctional Facility. *Id*. As a result, when Plaintiff asked Defendant Fischer for separate Sunni and Shi'i services, Defendant Fischer told him that there were not enough Shi'i at Clinton to justify separate services. *Id*. at 25-26.

Plaintiff's complaint discusses incidents between Sunni and Shi'i Muslims that have been the subject of federal civil rights complaints filed by other prisoners. *Id*. at 26-29.

Plaintiff claims that the "failure to hire Shi'i clergy and to provide Shi'i Friday Prayer Services violated [his] rights and constituted a violation of the free exercise of religion and equal protection violation under the 1st and 14th Amendment to the United States Constitution." *Id*. at 30. Plaintiff requests (1) a declaration that Defendants violated Plaintiff's constitutional rights; (2) an injunction ordering Defendants to hire Shi'i clergy and institute Shi'i Friday prayer

3

services; (3) compensatory damages; and (4) punitive damages.  *Id.*

Defendants move to dismiss the complaint.  (Dkt. No. 12.)  Plaintiff has not opposed the motion, despite having been granted an extension of time in which to do so.  (Text Order of May 20, 2011.)

## II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).

4

Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

III.    ANALYSIS

Defendants argue that the complaint should be dismissed because (1) it does not contain a short and plain statement of Plaintiff's claim; (2) Plaintiff lacks standing to bring suit on behalf of other inmates; and (3) Defendants are entitled to qualified immunity.  (Dkt. No. 12-1.)

A.      Short and Plain Statement

As noted above, the Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Defendants argue that the complaint does not contain a "short and plain statement" because it "fails to provide the defendants with fair notice of what the plaintiff's claim is.  There are no specific allegations relating to plaintiff's claim.  The only specifics provided by plaintiff are specifics regarding facts relating to other inmates."  (Dkt. No. 12-1 at 3.)

Although the complaint is quite lengthy and contains extraneous matter, it provides Defendants with fair notice of Plaintiff's claims.  The complaint alleges that Plaintiff asked Defendants for Shi'i-only prayer services and Shi'i clergy and that those requests were denied. (Dkt. No. 1 at 23-24.)  Plaintiff claims that this "failure to hire Shi'i clergy and to provide Shi'i Friday Prayer Services violated [his] rights and constituted a violation of the free exercise of religion and equal protection . . . ." *Id*. at 30.  The complaint thus provides Defendants with

5

sufficient information to defend the case.  Therefore, I recommend that Defendants' motion to dismiss for failure to provide a short and plain statement of the claim be denied.

### B.     Claims on Behalf of Other Inmates

Defendants argue that the complaint should be dismissed because "Plaintiff appears to be seeking injunctive relief on behalf of other inmates who are not a party to this action."  (Dkt. No. 12-1 at 4.)  Defendants mischaracterize the complaint.  Although the complaint does refer to claims regarding other inmates, it does so explicitly to illustrate "the sectarian tension within the prison system with Sunni chaplains conducting the affairs of Shi'i inmates."  (Dkt. No. 1 at 26.)  Thus, Plaintiff appears to have described the incidents to illustrate why Sunnis and Shi'is should not be required to pray together.  Plaintiff does not state that he intends to represent other inmates' claims.  The caption does not list Plaintiff as moving "on behalf of others similarly situated."  *Id*. at 1.  The complaint does not express any intent to move for class certification. The prayer for relief does not request relief on behalf of any other inmate.  *Id*. at 30.  Therefore, I recommend that Defendants' motion to dismiss on this ground be denied.

### C.     Qualified Immunity

Defendants argue that the complaint should be dismissed because they are entitled to qualified immunity.  (Dkt. No. 12-1 at 5-6.)

The qualified immunity inquiry in a prisoner civil rights case generally involves two issues: (1) "whether the facts, viewed in the light most favorable to the plaintiff, establish a constitutional violation"; and (2) "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted."  *Sira v. Morton*, 380 F.3d 57, 68-69 (2d Cir. 2004) (citations omitted), accord, *Higazy v. Templeton*, 505 F.3d 161, 169, n.8 (2d Cir. 2007)

(citations omitted).

In determining the second issue (i.e., whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted), courts in this Circuit consider three factors: (1) whether the right in question was defined with "reasonable specificity"; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991) (citations omitted).

Generally, "the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted." *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004) (quoting *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983)). The defense will only be successful at the motion to dismiss stage if the defense appears on the face of the complaint with all reasonable inferences drawn in the plaintiff's favor. *Id.* at 436.

Here, Defendants have not addressed any of the issues relevant to qualified immunity. Defendants have not addressed the merits of Plaintiff's First Amendment claim, and therefore have not established that there was no constitutional violation. Defendants have not discussed whether the right to separate Sunni and Shi'i prayer was defined with reasonable specificity, whether the decisional law of the Supreme Court and the Second Circuit support the existence of the right, or whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful. Rather, Defendants argue that because Plaintiff "acknowledges that Commissioner Fischer has attempted to accommodate Shi'i inmates regarding their Friday group prayer service, it is clear that the defendants are trying to

accommodate the religious requirements at issue." (Dkt. No. 12-1 at 6.)  The argument that Defendants advance does not address the relevant legal standard.  Thus, Defendants have not met the "stringent standard" that applies when the qualified immunity defense is asserted in a motion to dismiss.  *McKenna*, 386 F.3d at 436.  Therefore, I recommend that the Court deny Defendants' motion to dismiss.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 12) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 23, 2012
      Syracuse, New York

George H. Lowe
United States Magistrate Judge